**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

----------------------------------------------------------x

Glenn Archie

                Plaintiffs,              C.A. No:

    -against-

Equifax Information Services LLC,
Experian Information Solutions, Inc.,
Verizon Wireless Inc.

                Defendant(s).

----------------------------------------------------------x

## COMPLAINT

Plaintiff Glenn Archie ("Plaintiff" or "Archie"), by and through his attorneys, as and for their Complaint against Defendant Equifax Information Services LLC, ("Equifax"), and Defendant Experian Information Solutions, Inc., ("Experian"), and Verizon Wireless, Inc. ("Verizon") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## INTRODUCTION

1. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability

1

created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

3. The Court also has supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

5. Plaintiff is a resident of the State of Delaware, County of New Castle, residing at 1326 W. 3rd Street Elsmere, DE 19805.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

7. Defendant Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of Delaware, and may be served with process upon The Corporation Service Company, its registered agent for service of process at 251 Little Falls Drive Wilmington, DE 19808 .

8. At all times material here to Equifax a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

9. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Defendant Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is a Delaware corporation registered to do business in the State of Delaware, and may be served with process upon The Corporation Service Company, its registered agent for service of process at 251 Little Falls Drive Wilmington, DE 19808 .

11. At all times material here to Experian a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

12. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

13. Defendant Verizon is a corporation who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 is a Delaware corporation and may be served with process upon the The Corporation Trust Company, its registered agent for service of process at 1209 Orange Street Wilmington, DE 19801.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

15. On January 2, 2015, Plaintiff filed a Chapter 13 Bankruptcy proceeding in the District of Delaware, under C.A. No. 15-10002.

16. In Schedule F of his bankruptcy Petition, Plaintiff listed Verizon as a creditor to an unsecured claim ("the Debt").

17. Plaintiff met all requirement of his Chapter 13 bankruptcy and thus, he received a discharge of his debts by Order dated April 25, 2017.

18. Sometime in January of 2018, Plaintiff obtained a copy of his credit report as published by Equifax and Experian.

19. The report contained erroneous information that was provided by Verizon and published and reported by Equifax and Experian. Specifically Verizon reported that the Plaintiff owed a post-discharge balance of of $3,981.00 to Verizon.

20. In letters dated January 16, 2018, Plaintiff disputed the inaccurate and misleading information directly to Equifax and Experian and advised Equifax and Experian of the specific facts that rendered the reporting inaccurate and misleading.

21. Upon information and belief, Equifax and Experian timely notified Verizon of Plaintiff's dispute, as required by 11 U.S.C. 1681i.

22. Equifax responded on February 1, 2018 stating that it had researched the credit account and had verified that this item has been reported correctly.

23. Experian did not respond to Plaintiff's dispute.

24. Equifax and Experian were required to communicate the specifics of Plaintiff's dispute to Verizon. Likewise, Verizon had a duty to investigate the dispute and accurately report its findings to Equifax.

25. Verizon is responsible for providing accurate information whenever they furnish information to any consumer reporting agency.

26. Equifax and Experian are responsible for following reasonable procedures to assure maximum possible accuracy of information whenever they prepare consumer reports.

27. Equifax and Experian had an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the tradeline information, notwithstanding the information it received from Verizon.

28. Each and all of the Defendants, independently and jointly, breached their respective duties as described above.

29. Due to Defendants' respective failures to follow reasonable procedures to assure the maximum possible accuracy of information, and failures to conduct reasonable re-investigations to Plaintiff's disputes, the information in Plaintiff's credit file and the indication on Plaintiff's consumer reports that Plaintiff owed post-discharge balances to Verizon was not appropriately deleted, modified, or marked as disputed.

30. Defendants' failure to correct the discharged debt in the face of clear evidence of Plaintiff's discharge indicates that their review procedures were not reasonable.

31. Defendants' failure to correct the discharged debt further indicates that Defendants recklessly disregarded the Plaintiff's dispute and the requirements of the FCRA, amounting to a willful violation of the statute.

32. As a result of Defendants' willful actions and omissions, Plaintiff is eligible to receive statutory damages.

33. In addition, as a result of Defendants' acts and omissions, Plaintiff has suffered actual damages. Those damages include without limitation: out-of-pocket expenses incurred challenging the Defendants' wrongful representations, such as mail expense, mileage expense, lost time from work incurred after his dispute and attempt to obtain correction failed; detriment to his credit rating; and, emotional distress.

34. Verizon's reporting of the debt to one or more credit bureaus was an attempt to collect the debt.

35. Verizon provided the false and misleading information to Equifax and Experian in furtherance of their efforts to collect the debt.


### FIRST CAUSE OF ACTION
**(Willful Violation of the FCRA as to Equifax)**

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

37. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

38. Equifax violated 15 U.S.C. § 1681(e)(b)  by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

39. Equifax has willfully and recklessly failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

  a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

  b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

  c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

g) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

40. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered actual damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

41. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

42. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Glenn Archie, demands judgment in their favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax)

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

44. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

45. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

46. Equifax has negligently failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h)  The failure to take adequate steps  to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

47. A consumer reporting agency's reasonable reinvestigation must be a good faith effort to ascertain the truth; a reasonable reinvestigation must answer the substance of the consumer's dispute, and may not merely be a *pro forma* record review that simply begs the question.

48. In order to conduct a reasonable reinvestigation, and pursuant to 15 U.S.C. §1681i(a)(4), Equifax was required to review and consider all relevant information submitted by Plaintiff.

49. Plaintiff's dispute was clear and unambiguous as to the inaccuracies of Equifax's reporting.

50. Plaintiff provided all relevant information necessary for Equifax to reinvestigate and correct the inaccuracies in its reporting.

51. Equifax breached its duties as described herein.

52. If Equifax had conducted a reasonable reinvestigation of Plaintiff's dispute, Equifax would have reviewed and considered all of the information Plaintiff submitted in his dispute letter, and would have easily detected that what was being reported was factually incorrect, inaccurate, and misleading.

53. If Equifax had conducted a reasonable reinvestigation of Plaintiff's dispute, the tradeline on Plaintiff's Equifax consumer report would have been appropriately corrected.

54. Due to Equifax's failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct a reasonable reinvestigation of Plaintiff's dispute, the false and misleading information in Plaintiff's credit file and on Plaintiff's Equifax report was not appropriately modified.

55. Equifax had all the information necessary to correct its reporting. Yet, Equifax failed to correct the information in the face of clear evidence that its reporting was false and misleading. The failure indicates that Equifax's review procedures were not reasonable.

56. The fact that Equifax has all the information necessary to correct its reporting, yet failed to do so in an appropriate manner, further indicates that Equifax recklessly disregarded Plaintiff's dispute and the requirement of the FCRA, amounting to a willful violation of the statute or at the very least negligently.

57. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

58. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

59. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Glenn Archie, demands judgment in their favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Experian)

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

61. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

62. Experian violated 15 U.S.C. § 1681(e)(b)  by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

63. Experian has willfully and recklessly failed to comply with the FCRA. The failure of Experian to comply with the FCRA include but are not necessarily limited to the following:

    h) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    i) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    j) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    k) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    l) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

     m) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

     n) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

64. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered actual damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

65. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

66. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Glenn Archie, demands judgment in their favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Experian)

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

68. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

69. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

70. Experian has negligently failed to comply with the FCRA. The failure of Experian to comply with the FCRA include but are not necessarily limited to the following:

    i)   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    j)   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    k)   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    l)   The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    m)   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    n)   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    o)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    p)   The failure to take adequate steps  to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

71. A consumer reporting agency's reasonable reinvestigation must be a good faith effort to ascertain the truth; a reasonable reinvestigation must answer the substance of the consumer's dispute, and may not merely be a *pro forma* record review that simply begs the question.

72. In order to conduct a reasonable reinvestigation, and pursuant to 15 U.S.C. §1681i(a)(4), Experian was required to review and consider all relevant information submitted by Plaintiff.

73. Plaintiff's dispute was clear and unambiguous as to the inaccuracies of Experian's reporting.

74. Plaintiff provided all relevant information necessary for Experian to reinvestigate and correct the inaccuracies in its reporting.

75. Experian breached its duties as described herein.

76. If Experian had conducted a reasonable reinvestigation of Plaintiff's dispute, Experian would have reviewed and considered all of the information Plaintiff submitted in his dispute letter, and would have easily detected that what was being reported was factually incorrect, inaccurate, and misleading.

77. If Experian had conducted a reasonable reinvestigation of Plaintiff's dispute, the tradeline on Plaintiff's Experian consumer report would have been appropriately corrected.

78. Due to Experian's failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct a reasonable reinvestigation of Plaintiff's dispute, the false and misleading information in Plaintiff's credit file and on Plaintiff's Experian report was not appropriately modified.

79. Experian had all the information necessary to correct its reporting. Yet, Experian failed to correct the information in the face of clear evidence that its reporting was false and misleading. The failure indicates that Experian's review procedures were not reasonable.

80. The fact that Experian has all the information necessary to correct its reporting, yet failed to do so in an appropriate manner, further indicates that Experian recklessly disregarded Plaintiff's dispute and the requirement of the FCRA, amounting to a willful violation of the statute or at the very least negligently.

81. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

82. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

83. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Glenn Archie, demands judgment in their favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Verizon)

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

85. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

86. Pursuant to the FCRA, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

87. Pursuant to the FCRA, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

88. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as Verizon must report the results to other agencies which were supplied such information.

89. The Defendant violated 15 U.S.C. § 1681s by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

90. As a result of the conduct, action and inaction of the Defendant Verizon, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

91. The conduct, action and inaction of Defendant Verizon was willful, rendering Verizon liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

92. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Glenn Archie, demands judgment in his favor against Defendant, Verizon, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Verizon)

93. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

94. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

95. Pursuant to the FCRA, any person who furnishes information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

96. Pursuant to the FCRA, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

97. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as Verizon must report the results to other agencies which were supplied such information.

98. After receiving the Dispute Notice from Equifax and Experian, Verizon negligently failed to conduct its reinvestigation in good faith.

99. A reasonable investigation would require a furnisher such as Verizon to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

100.    The conduct, action and inaction of Defendant Verizon was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

101.    As a result of the conduct, action and inaction of Verizon, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

102.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Glenn Archie, demands judgment in her favor against Defendant, Verizon, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SEVENTH CAUSE OF ACTION

### (Violation of the Bankruptcy Discharge Injunction 11 U.S.C. § 524(a)(2) as to Verizon)

103.      Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

104.      Defendant Verizon willfully violated 11 U.S.C. § 524(a)(2) by attempting to collect a discharged debt by reporting post-bankruptcy derogatory collection information, including that there was still a balance in active collection.

105.      After receiving actual notice of its false and misleading post-discharge report, and a specific request to remedy the false report, Verizon not only refused but re-reported the false information to Equifax and Experian.

106.      Defendant Verizon's acts and omissions were willful, rendering it liable for civil contempt sanctions. (is there a specific statutory provision that provides for civil contempt sanctions?)

WHEREFORE, Plaintiff, Glenn Archie, demands judgment in her favor against Defendant, Verizon, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. 11 U.S.C. § 524(a)(2).

## DEMAND FOR TRIAL BY JURY

107.      Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment from the each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) Civil contempt damages and penalties in an amount sufficient to affirm the integrity of the Orders of the Bankruptcy Court, the importance of guaranteeing the Plaintiff the "Fresh Start" to which he is entitled upon discharge, and to deter future similar conduct on the part of Verizon; and

h) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  March 13, 2018                Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esq. (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
 (302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff Glenn Archie*